UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CARLOS ALBERTO JIMENEZ, JR.  　　　　　　　Case No. 6:11-bk-10129-KSJ
MARIBEL JIMENEZ,  　　　　　　　　　　　　　　Chapter 11

　　　　Debtor.
_____/

Motion to Value and Objection to Claim of Alafaya Woods Homeowners Association
(Claim No. 13) (*1061 Providence Lane, Oviedo, FL 32765*)

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 30 days from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 135 W. Central Blvd., Suite 950, Orlando, FL 32801, and serve copies on: Kenneth D. Herron, Jr., 1851 West Colonial Dr., Orlando, FL 32804.**

**If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

**Relief Requested**

For the reasons stated below, the Debtors request entry of an Order:

　　a.　　determining that the Alafaya Woods Homeowners Association (the "HOA") holds a secured claim in the amount of $0.00;

　　b.　　stripping the HOA lien from the Real Property to the extent that it secures in amounts set forth in proof of claim number 13; and

      c.      determining that the HOA has an unsecured claim in the amount of $168.31.

## The Motion to Value

The Debtors move the Court for an Order, pursuant to 11 U. S. C. §506 and F. R. B. P. 3012 determining the secured status of the claim of Alafaya Woods Homeowners Association (the "HOA") and in support state:

1.      The Debtors own a parcel of real property in Seminole County described as (the "Real Property"):

> LOT 91, ALAFAYA WOODS PH 19 REPLAT OF PART
> PLAT BOOK 40, PAGES 83 TO 85, PUBLIC RECORDS
> OF SEMINOLE COUNTY, FL
>
> Parcel ID No.: 22-21-31-508-0000-0910
>
> Street address: 1061 Providence Lane, Oviedo, FL 32765

2.      The Real Property is not the Debtors' principal residence.

3.      The Debtors assert that the value of the Real Property is $165,000 (see Doc. No. 115)[1].

4.      The Real Property is encumbered by a mortgage issued to Federal National Mortgage.  The mortgage secures a note executed by the Debtors in favor of Federal National Mortgage.  Federal National Mortgage filed proof of claim number 19 in the amount of $286,352.74, which evidences the amounts due under the note and mortgage.

---

[1] The Seminole County Property Appraiser has determined that the value of the Property is $164,714.00

5. Accordingly, the Debtors have filed an Amended Plan (Doc. no. 112), which provides that Federal National Mortgage has a secured claim in the amount of $165,000.00 and an unsecured claim in the amount of $121,352.74.

6. The HOA filed a claim in this case for $1,025.55 (Claim No. 13). The claim is based on unpaid pre-petition assessments totaling $165.00. The remaining balance is for attorney's fees and related expenses.

7. The HOA lien is inferior and subordinate to the mortgage of Federal National Mortgage.

8. Accordingly, the Debtors assert that the HOA's lien is entirely unsecured.

### Objection to Claim

9. The Debtors object to the HOA claim to the extent that it requests any amounts for post-petition attorneys' fees, costs, interest or any other post-petition charges.

10. The Debtors object to the HOA proof of claim to the extent that it requests any pre-petition component for attorneys' fees for a foreclosure action, because the HOA did not file a foreclosure action.

### Memorandum of Law

Pursuant to 11 U.S. C. §506(a)(1) and F. R. B. P. 3012, upon notice and hearing, the Court may value a secured creditor's collateral to ascertain what portion of the claim is secured and what portion is unsecured.   See also *In re Sadala*, 294 B.R. 180, 182 (Bankr. M.D. Fla. 2003)

Pursuant to 11 U.S. C. §506(b) a creditor is only allowed post-petition fees or

interest to the extent that the claim is oversecured.

        /s/ Kenneth D. Herron, Jr.
        Kenneth D. (Chip) Herron, Jr.
        Florida Bar No. 699403
        Roman V. Hammes
        Florida Bar No. 87250
        Wolff, Hill, McFarlin & Herron, P.A.
        1851 W. Colonial Dr.
        Orlando, FL 32804
        Telephone: (407) 648-0058
        Fax: (407) 648-0681
        Email: rhammes@whmh.com

        Attorneys for the Debtors

## CERTIFICATE OF SERVICE

I certify that on January 20, 2012 a copy of the foregoing was sent regular, first class United States mail, postage fully pre-paid or by electronic mail to:

Robyn Severs Braun, Esq., Taylor & Carls, P.A., 150 N. Westmonte Dr., Altamonte Springs, FL 32714

U.S. Trustee, 135 W. Central Blvd., Ste 620, Orlando, FL 32801

        /s/ Kenneth D. Herron, Jr.
        Kenneth D. (Chip) Herron, Jr.